THOS. BRYAN v. GEO. W. NEWMAN.

**Weights and Measures—Power of County Court—Fees and Duties of Sealer.**

By the act regulating the fees and duties of the sealer of weights and measures in Jefferson county, and repealing § 2 of the original act, full power was vested in the county court to regulate duties and fees of such officer.

**Weights and Measures—Fees of Sealer—Power of County Court.**

Where a county court fixed a fee of $25 for testing "spring scales," and it is an agreed fact that the fee of $25 was fixed for the purpose of prohibiting the use of such scales, such fee being far in excess of the fees charged for testing and sealing other scales, it is an attempt to exercise a legislative act and is void.

APPEAL FROM JEFFERSON CIRCUIT COURT.

November 1, 1873.

OPINION BY JUDGE PETERS:

By an act entitled "An Act to Amend an Act Entitled An Act Regulating the Fees and Duties of the sealer of weights and measures in the County of Jefferson," all that part of Sec. 2 of the original act, which regulates and fixes the rate of fees to the sealer of weights and measures in the county of Jefferson, is repealed, and full power is vested in the county court of said county, a majority of justices in commission being present and agreeing thereto, to regulate the duties and fees of said officer.

By Sec. 2 of said Amendatory Act, it is made the duty of said county court, at a session to be held as a levy term, for 1865, and afterwards when said officers are elected, to prescribe the duties and fees of the sealer of weights and measures in said county during his term of office. Myers Supp. 570.

In March, 1872, appellee was legally elected by a county court for the county of Jefferson, sealer of weights and measures for said county, and at the same term of the court it was adjudged and determined by the court that the fees and charges of the sealer of weights and measures remain the same for the two next ensuing years as then fixed by the court. And it appears that from a certified copy of the fees and charges for the sealer of weights and measures as fixed, the fee was twenty-five dol-

lars for testing and sealing "Spring Scales." Appellee called on appellant, who used the Spring Scales in the discharge of his duty, to examine and seal them, and proceeded to do so under the protest of appellant. After he completed the business, he presented his claim of $25, demanded payment, and tendered a receipt for the same, which appellant refused to pay. Appellee then sued him in a justice's court for the charge, where he was successful, and appeal was prosecuted to the Jefferson County Court by appellant, and being unsuccessful there he has appealed to this court.

By Sec. 2 of an Act approved January 7, 1852, Sess. Acts 1851-2, pp. 622, 3, 4, the legislature fixed the fees of the sealers of weights and measures, and allowed a fee of $5 for adjusting scales weighing from thirty to eighty tons. This is very much larger than any fee for any other service of that character allowed to said officer, the next highest being $1 for adjusting patent balances weighing over one thousand, and under three thousand pounds.

It is true that "Spring Scales" are not mentioned in this list, but it is proved by appellee himself that it is worth no more intrinsically, to test and seal "Spring scales" than other scales, the average fee for which will not exceed fifty cents. The sum of $25, as the fee for the services, therefore, is an abuse of judicial discretion and inconsistent with sound and cultivated reason. The sum allowed would of itself indicate an intention on the part of the court to undertake to exercise the right to prohibit the use of this particular description of scales in the county of Jefferson.

But we are not left to conjecture on that subject, for it is a part of the agreed facts in the case that the sum of $25 was fixed as the compensation to the sealer, for the purpose of prohibiting the use of such scales. This is a legislative and not a judicial power, and the county court exceeded its authority, and appellee should not have been allowed to collect the sum charged.

Whether the legislature can delegate the power to the county court to fix the fees of the sealer of weights and measures is a question we are not necessarily called on now to decide.

But for the reasons stated the judgment is reversed and the cause is remanded with directions to the court below to

reverse the judgment of the justice, and for further proceedings consistent herewith.

*Mulligan, for appellant.*

*Willis, for appellee.*